IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 1:22-cr-239 (MSN) |
| PAUL J. HUGHES, | |
| *Defendant.* | Hearing Date: May 18, 2023 |

## UNITED STATES' POSITION ON SENTENCING

The United States of America, through undersigned counsel, in accordance with 18 U.S.C. § 3553(a) and the U.S. Sentencing Commission Guidelines ("Guidelines"), files this position on sentencing for Defendant Paul J. Hughes. The defendant pleaded guilty to possession of a machinegun, in violation of 18 U.S.C. § 922(o). The defendant's Guidelines range is 18 to 24 months' imprisonment. The United States respectfully submits that a sentence of imprisonment within the Guidelines is consistent with the factors set forth in 18 U.S.C. § 3553(a).

### RELEVANT FACTS AND PROCEDURAL BACKGROUND

The United States agrees with and incorporates by reference the facts from the "Offense Conduct" section of the presentence report ("PSR"), ECF No. 17 ¶¶ 13–21, as well as the facts outlined in the Statement of Facts. ECF No. 11.

On or about May 14, 2021, in Stafford County, Virginia, within the Eastern District of Virginia, the defendant knowingly possessed a machinegun, a fully automatic AR-9 rifle, in violation of 18 U.S.C. § 922(o). PSR ¶ 14. That same day, the defendant attempted to sell an AR-9 fully automatic rifle via Facebook Messenger. *Id.* at ¶ 15. In that Facebook Messenger conversation, the defendant (whose photograph was visible next to messages from "Paul") told

another individual that the defendant wanted to sell the AR-9 and sent a photograph of the machinegun. *Id.* The defendant stated that the AR-9 was "not a regular" AR-9. *Id.* The defendant further stated, "[y]ou don't have one like this trust me it has a selector switch on it that has three positions safe semi-auto and another one." *Id.* He also stated, "they are definitely a lot of fun now I've got everybody building them or trying to." *Id.* When the intended purchaser asked the defendant whether the firearm had a "binary trigger," which increases a weapon's firing speed by allowing a firearm to shoot one bullet when the trigger is pulled and one when the trigger is released, or an "actual 3rd hole auto," the defendant responded, "3rd hole." *Id.*

In other words, the defendant confirmed that in addition to the normal selector switch positions of "safe" and "semi-automatic" common on most AR-style rifles, his AR-9 had a third selector switch position that allowed the firearm to be fired fully automatic, the mode of operation of a firearm where the trigger is pulled one time and multiple shots are fired and will continue to fire until the trigger is released or until the magazine is empty.

On June 22, 2021, special agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") interviewed the defendant in Fredericksburg, Virginia regarding the machinegun transfer. *Id.* at ¶ 16. The defendant acknowledged participating in the Facebook Messenger chat, described above, and stated that the firearm he was attempting to sell in that conversation was a machinegun. *Id.* The defendant stated that he did not have the machinegun anymore and that he sold it to an individual who lived in Maryland. *Id.* The defendant stated that he sold the machinegun for $1,000.00. *Id.* The defendant stated that the purchaser came to Springfield, Virginia to pick up the machinegun. *Id.* The defendant stated that he had purchased the lower receiver of the AR-9 rifle from a Federal Firearms Licensee located in Fredericksburg,

2

Virginia. *Id.* The defendant stated that an acquaintance of the defendant had modified the AR-9 rifle into a machinegun. *Id.*

The defendant also stated that the purchaser of the machinegun contacted him after taking possession of the firearm and told him that the machinegun worked and that he wanted to purchase another one. *Id.* at ¶ 17. The defendant stated that he contacted his acquaintance and obtained an AR-15 fully automatic rifle from him which the defendant then sold to the same individual to whom the defendant had previously sold an AR-9. *Id.*

The defendant did not register the machinegun in the National Firearms Registration and Transfer Record ("NFRTR"), the central registry for all items regulated under the National Firearms Act ("NFA"). *Id.* at ¶ 18. The defendant did not possess any tax stamp for the machinegun, nor had the defendant paid any transfer tax for the machinegun. *Id.*

On February 1, 2023, the defendant waived indictment and pled guilty to a single-count Criminal Information, pursuant to a plea agreement, charging him with possession of a machinegun in violation of 18 U.S.C. § 922(o). *Id.* at ¶ 1; ECF Nos. 7, 9.

On May 10, 2023, the United States Probation Office issued a PSR. ECF No. 17. The PSR concluded that the defendant's total offense level was 15 and his criminal history category was I, which resulted in an advisory Guidelines range of 18 to 24 months' imprisonment. PSR ¶¶ 78–79.

## LEGAL STANDARD

The Court consults both the Guidelines and the sentencing factors in 18 U.S.C. § 3553(a) to determine a defendant's appropriate sentence. Although the Guidelines are advisory, district courts are required to "consult those Guidelines and take them into account when sentencing." *United States v. Booker*, 543 U.S. 220, 264 (2005); *United States v. Kimbrough*, 552 U.S. 85, 90 (2007). Under the required procedures, a "district court shall first calculate (after making the

appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

Section 3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary." The sentence must "reflect the seriousness of the offense, . . . . promote respect for the law, and . . . provide just punishment for the offense; . . . afford adequate deterrence to criminal conduct; . . . protect the public from further crimes of the defendant; and . . . provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). In addition, the sentencing court must also consider: (1) the nature of the offense and the defendant's history and characteristics; (2) the kinds of sentences legally available; (3) the advisory sentencing range provided by the Sentencing Guidelines; (4) any relevant policy statement issued by the Sentencing Commission; (5) the need to avoid unwarranted sentence disparities; and (6) the need for restitution. *Id*. at § 3553(a).

Ultimately, the sentence imposed by the court must meet standards of reasonableness. *See Booker*, 543 U.S. at 260–261.

**ARGUMENT**

A.  **Sentencing Guidelines Calculation**

The United States concurs with the PSR's calculated total offense level of 15, criminal history category of I, and Guidelines range of 18 to 24 months. The base offense level for possession of a machinegun is 18, pursuant to USSG § 2K2.1(a)(5). PSR ¶ 27. However, the total

4

offense level is reduced by three levels because the defendant accepted responsibility pursuant to USSG § 3E1.1(a)–(b*). Id.* at ¶¶ 34–35.

In consultation with these Guidelines and the analysis set forth below, the United States respectfully recommends a term of imprisonment within the Guidelines as a sentence that is sufficient but not greater than necessary to comply with the purposes set forth in Section 3553(a)(2).

**B.     The 3553(a) Factors**

A consideration of the 3553(a) factors warrants a sentence of imprisonment within the Guidelines.

1. <u>Nature and Characteristics of the Offense</u>

The defendant possessed an AR-9 machinegun without registering it with the National Firearms Registration and Transfer Record and did not possess any tax stamp for the machinegun, nor had he paid any transfer tax for the machinegun. PSR ¶¶ 14, 18. However, the circumstances surrounding this offense are significant. Not only did the defendant possess this AR-9 machinegun; he participated in the machinegun conversion process by purchasing a lower receiver from a Federal Firearms Licensee and having an acquaintance modify it into a machinegun. *Id.* at ¶ 16. Moreover, the defendant disseminated machineguns into the local community by selling this machinegun and an AR-15 machinegun to another individual. *Id.* at ¶ 16-17.

2. <u>History and Characteristics of the Defendant</u>

The United States concurs with the PSR's assessment of the defendant's criminal history, personal history, and characteristics. The defendant's lack of recent criminal history is a significant mitigating factor for a reduced sentence. PSR ¶¶ 37–46. However, other aspects of the defendant's history and characteristics cut against this mitigation.

The defendant knew the responsibilities that come with possessing a firearm, having been a prohibited person and then getting his right to possess a firearm restored in New York and Virginia, and obtaining a concealed carry permit in the latter. *Id.* at ¶ 25. Further, the defendant built a career in the security field, a field in which it is incumbent on individuals to follow the law. *Id.* Yet the defendant chose to illegally possess a machinegun. The defendant's conduct cannot be dismissed as a momentary lapse in judgment because he engaged in a course of illicit conduct that included participating in a machinegun conversion, the possession of a machinegun, and the sale of this and another machinegun.

Based on the totality of the circumstances, the defendant's history and characteristics merit a period of incarceration.

3. Aims of Sentencing and Other 3553(a) Factors

The serious nature of the offense—possessing a machinegun—merits a sentence consistent with the federal guidelines, particularly to deter others from illegally possessing machineguns.

When an individual steps outside the confines of the law to possess a machinegun and sell it to another, that person puts the entire community at risk. Illegal possession of machineguns can fuel gun violence. "Gun violence is a national public health epidemic that exacts a substantial toll on the U.S. society." American Academy of Family Physicians, *Gun Violence, Prevention of (Position Paper)*, (last visited May 10, 2023), *available at:* https://www.aafp.org/about/policies/all/gun-violence.html. Furthermore, "gun violence expenses—medical charges, loss of income, daily care/support, and criminal justice expenditures—cost the U.S. economy approximately $229 billion annually." *Id*. The dangers of such gun violence are increased when the firearm is a machinegun that can fire repeatedly with

6

just one pull of the trigger. Further, machineguns are more dangerous than semiautomatic firearms because machineguns fire much more rapidly and are less precise than semiautomatics.

In determining an appropriate sentence, this Court should consider that the defendant contributed to this epidemic by introducing two machineguns into our community.

On balance, a sentence of imprisonment within the Guidelines serves the needs of sentencing to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from further crimes of the defendant.

## CONCLUSION

For all the foregoing reasons, the United States respectfully recommends that the Court impose a sentence of imprisonment within the Guidelines.

                        Respectfully submitted,

                        Jessica D. Aber
                        United States Attorney

                        _____/s/_____
                        Nicholas J. Patterson
                        Assistant United States Attorney
                        United States Attorney's Office
                        2100 Jamieson Avenue
                        Alexandria, Virginia 22314
                        Phone: (703) 299-3700
                        Email: nicholas.patterson@usdoj.gov

## Certificate of Service

I hereby certify that I filed the foregoing document using the Court's CM/ECF system on May 11, 2023.

By: _____/s/_____
Nicholas J. Patterson
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Email: nicholas.patterson@usdoj.gov